-1-

1  Leslie V. Payne, TX Bar No. 00784736 (*pro hac vice* pending)
   lpayne@hpcllp.com
2  Eric J. Enger, TX Bar No. 24045833 (*pro hac vice* pending)
   eenger@hpcllp.com
3  Nick P. Patel, TX Bar No. 24076610 (*pro hac vice* pending)
4  npatel@hpcllp.com
   HEIM, PAYNE & CHORUSH L.L.P.
5  600 Travis Street, Suite 6710
   Houston, Texas 77002-2912
6  Telephone: (713) 221-2000
7  Facsimile: (713) 221-2021

8

9  Attorneys for Plaintiff

10

11            **IN THE UNITED STATES DISTRICT COURT**

12         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                   **SAN FRANCISCO DIVISION**

14

15  IMPLICIT L.L.C.,

16                    Plaintiff,              Civil Action No.

17  vs.                                       ORIGINAL COMPLAINT FOR PATENT

18                                            INFRINGEMENT

19  F5 NETWORKS, INC.,

20                    Defendant.              JURY TRIAL REQUESTED

21

22                  **PLAINTIFF'S ORIGINAL COMPLAINT**

23        Plaintiff Implicit L.L.C. ("Implicit") files this Original Complaint for patent infringement

24  against Defendant F5 Networks, Inc. ("F5").  Implicit alleges as follows:

25                              **PARTIES**

26        1.      Plaintiff Implicit is a Washington corporation with its principal place of business in

27  Seattle, Washington.

28

-1-

Original Complaint for Patent Infringement                              Case No.

1    2.    Upon information and belief, Defendant F5 is a Washington corporation. F5 conducts

2    business throughout the United States and has a principal place of business at 90 Rio Robles, San

3    Jose, CA 95134.  F5 may be served with process through its registered agent in California, C.T.

4    Corporation System at 818 West Seventh St., 2nd Fl., Los Angeles, CA 90017.

5    **JURISDICTION AND VENUE**

6    3.    This is an action for patent infringement under the Patent Laws of the United States,

7    35 U.S.C. § 271.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C.

8    §§ 1331 and 1338(a).

9    4.    This Court has personal jurisdiction over F5.  F5 has established minimum contacts

10   with this forum at least because it has marketed and sold infringing products in this district, maintains

11   a principal office in this district, and conducts research and development activities in this district.

12   The exercise of jurisdiction over F5 would not offend traditional notions of fair play and substantial

13   justice.

14   5.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400 (b).

15   **INTRADISTRICT ASSIGNMENT**

16   6.    Pursuant to Civil L.R. 3-2(c), this case is subject to district-wide assignment because it

17   is an Intellectual Property Action.

18   **BACKGROUND**

19   7.    The asserted patent, U.S. Patent No. 8,694,683 ("the '683 patent"), issued on April 8,

20   2014.  A true and correct copy of the '683 patent is provided at Exhibit A.  Implicit Networks, Inc.

21   ("Implicit Networks"), the original assignee of the application issuing into the '683 patent, assigned

22   its rights in the '683 patent to Implicit in February 2014.  Implicit is the current assignee of the '683

23   patent.[1]

24   8.    As described in paragraphs 9-16 below, Implicit Networks filed two prior lawsuits on

25   two other patents, U.S. Patent Nos. 6,629,163 (the '163 patent) and 7,711,857 (the '857 patent), in

26

27   [1] Implicit is owned by Be Labs L.L.C. (a Washington corporation), which, in turn, is owned by

28   Mr. Edward Balassanian, the sole inventor of the '683, '163 and '857 patents.  Implicit Networks is
an S-corporation of which Mr. Balassanian is the sole shareholder.

Original Complaint for Patent Infringement                                        Case No.

1   2010.  The '683 patent is a continuation of the '163 and '857 patents, and therefore, these three

2   patents are in the same patent family.

3         9.     Implicit Networks brought a set of lawsuits, later consolidated, in this district in 2010

4   against defendants F5 and Juniper Networks, Inc. ("Juniper") for infringement of the '163 and '857

5   patents.  These lawsuits were *Implicit Networks, Inc. v. F5 Networks, Inc.*, Case No. 3:10-cv-03365-

6   SI, against F5 for infringement of the '163 and '857 patents; and *Implicit Networks, Inc. v. Juniper*

7   *Networks, Inc.*, Case No. 3:10-cv-4234-SI, against Juniper for infringement of the same two patents.

8   On Implicit Networks' motion, Judge Susan Illston determined that the cases were related pursuant to

9   L.R. 3-12 and re-assigned the case against Juniper to her court so that she presided over both the F5

10  and Juniper cases ("the consolidated lawsuit").

11        10.    In the consolidated lawsuit, F5 filed a motion for summary judgment of non-

12  infringement of the '163 and '857 patents.[2]  The court ruled in favor of F5, explaining that the

13  accused F5 products did not infringe the asserted '163 and '857 patent claims.  A true and correct

14  copy of the Court's Order Granting Defendants' Motion for Summary Judgment is provided in

15  Exhibit B.  That order is dated March 13, 2013.

16        11.    Also in the consolidated lawsuit, Juniper filed a motion for summary judgment of

17  invalidity of the '163 and '857 patents, in which F5 joined.  Defendants presented various invalidity

18  theories in light of multiple prior art references, including: (a) Daniel Decasper, *et al.*, *Router*

19  *Plugins: A Software Architecture for Next Generation Routers*, Computer Communication Review, a

20  publication of ACM SIGCOMM, Vol. 28, No. 4 Oct. 1998 ("Decasper"); (b) IBM, Local Area

21  Network Products Concepts and Products:  Routers and Gateways (May 1996) ("IBM"); and (c)

22  Mark Nelson and Jean Loup Gailly, the Data Compression Book, M&T Books (2d ed. 1996)

23  ("Nelson").  The Court ruled in defendants' favor, explaining that the Decasper reference both

24  anticipated and rendered obvious the asserted claims, as did Decasper when combined with IBM and

25  Nelson.  Thus, the asserted claims of the '163 and '857 patents were invalidated.  Ex. B.  Implicit

26  Networks did not appeal Judge Illston's ruling.

27  

28  [2] Juniper filed a separate motion for summary judgment of non-infringement.  That motion is not
discussed here because Juniper is not a party to this case.

-3-

Original Complaint for Patent Infringement                                          Case No.

1    12.    Concurrent with the consolidated lawsuit, Juniper filed two requests with the U.S.

2    Patent and Trademark Office ("USPTO") for *inter partes* reexamination of the patents asserted in the

3    consolidated lawsuit.[3]  The USPTO granted the requests.  The USPTO issued rejections in these *inter*

4    *partes* reexaminations, which were ultimately terminated in light of the court's invalidity ruling in the

5    consolidated lawsuit.

6    13.    On June 6, 2013, Implicit Networks filed a new continuation patent application with

7    the USPTO, which eventually matured into the '683 patent—the patent at issue in this case.  By

8    virtue of a Preliminary Amendment that Implicit Networks filed concurrently with the new patent

9    application, the application contained a new set of claims separate and distinct from the invalidated

10   claims in the '163 and '857 patents.

11   14.    In the Preliminary Amendment, Implicit Networks explained in detail the reasons why

12   the new claims were patentable over the prior art references that were used to attack the validity of

13   the '163 and '857 patent claims in the consolidated lawsuit and reexaminations, including Decasper,

14   IBM, and Nelson.  A true and correct copy of Implicit Networks' Preliminary Amendment is

15   provided in Exhibit C.

16   15.    In addition to the Preliminary Amendment, on June 6, 2013 and November 25, 2013,

17   Implicit Networks provided the USPTO with Information Disclosure Statements that identified—

18   *inter alia*—prior art references that were cited against the '163 and '857 patents in the consolidated

19   lawsuit, *ex parte* reexamination, and *inter partes* reexaminations, including Decasper, IBM, and

20   Nelson. The Information Disclosure Statements also included relevant litigation documents, such as

21   F5's invalidity contentions, F5's expert invalidity report, and the Court's order granting Defendants'

22   Motion for Summary Judgment.  Thus, Implicit Networks made the USPTO aware of not just the

23   prior art references cited against the '163 and '857 patents, but also of the legal and technical

24   reasoning used against the '163 and '857 patents in light of those prior art references.

25

26   [3] The USPTO also conducted an earlier *ex parte* reexamination of the '163 patent.  The USPTO
     granted the request for the '163 *ex parte* reexamination on January 17, 2009, based in part on a prior
27   art reference to *Scout:  A Path-Based Operating System* by David Mosberger ("Mosberger").  The
     USPTO ultimately found the '163 claims to be patentable over Mosberger and issued a
28   Reexamination Certificate on June 22, 2010.

-4-

16.     After having considered all of the materials that Implicit Networks cited in the Information Disclosure Statements (including prior art references, invalidity contentions, expert reports, and court orders positioned against the validity of the '163 and '857 patents), and after having performed its own prior art search, the USPTO deemed the new patent application allowable. That application—with claims new and distinct from those in the '163 and '857 patents—issued as the '683 patent on April 8, 2014.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,694,683

17.     Implicit incorporates by reference the allegations of paragraphs 1-16 above.

18.     On April 8, 2014, United States Patent No. 8,694,683 was duly and legally issued for an invention entitled "Method and System for Data Demultiplexing."  Implicit was assigned the '683 patent by Implicit Networks and continues to hold all rights and interest in the '683 patent.  A true and correct copy of the '683 patent is provided in Exhibit A.

19.     F5 has infringed and continues to infringe the '683 patent by—without authority, consent, right or license, and in direct infringement of the patent—making, using, offering for sale, selling and/or importing products and services in the United States that are covered by various claimed inventions in the '683 patent.  Such products include, but are not limited to, F5's BIG-IP series of products and all F5 products that relate to the F5 Traffic Management Operating System ("TMOS"), as well as technical support services for each of these products.  This conduct constitutes patent infringement under 35 U.S.C. § 271(a).

20.     Implicit has been damaged as a result of F5's infringement and will continue to be damaged until F5 is enjoined from further acts of infringement.

21.     F5 is liable to Implicit for damages in an amount to be determined at trial that adequately compensates Implicit for the infringement, which by law can be no less than a reasonable royalty.

22.     Implicit intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '683 patent.

Original Complaint for Patent Infringement                                                                 Case No.

1    23.    At least as early as its receipt of this Complaint, F5 has had knowledge of the '683

2    patent and written notice of its infringement.

3                                    **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff Implicit prays for the following relief:

5        24.    A judgment that F5 has infringed Implicit's '683 patent;

6        25.    A judgment affirming the validity and enforceability of the '683 patent;

7        26.    A permanent injunction enjoining F5—along with its officers, directors, agents,

8    servants, employees, affiliates, divisions, branches, subsidiaries, and parents—from infringing

9    Implicit's '683 patent;

10       27.    A judgment and order requiring F5 to pay Implicit damages for its infringement of the

11   '683 patent, together with interest (both pre- and post-judgment), costs and disbursements;

12       28.    An order increasing the damages to Implicit by three times the amount found or

13   assessed, pursuant to 35 U.S.C. § 284;

14       29.    A judgment and order finding that this is an exceptional case within the meaning of 35

15   U.S.C. § 285 and awarding to Implicit its reasonable attorneys' fees; and

16       30.    Such other and further relief in law or in equity to which Implicit may be justly

17   entitled.

18                                   **DEMAND FOR JURY TRIAL**

19       31.    Plaintiff Implicit demands a trial by jury of any and all issues triable of right before a

20   jury.

21

22   Dated: June 20, 2014                    Respectfully submitted,

23                                            */s/ Leslie V. Payne*
                                             Leslie V. Payne
24                                           LEAD ATTORNEY
                                             TX Bar No. 00784736 (*pro hac vice* pending)
25                                           lpayne@hpcllp.com
                                             Eric J. Enger
26                                           TX Bar No. 24045833 (*pro hac vice* pending)
                                             eenger@hpcllp.com
27                                           Nick P. Patel
28

-6-

Original Complaint for Patent Infringement                              Case No.

1    TX Bar No. 24076610 (*pro hac vice* pending)
     npatel@hpcllp.com
2    HEIM, PAYNE & CHORUSH L.L.P.
     600 Travis Street, Suite 6710
3    Houston, Texas 77002-2912
     Telephone: (713) 221-2000
4    Facsimile: (713) 221-2021

5
     Brooke A.M. Taylor
6    WA Bar No. 33190 (*pro hac vice* pending)
     btaylor@susmangodfrey.com
7    Jordan W. Connors
     WA Bar No. 41649 (*pro hac vice* pending)
8    jconnors@susmangodfrey.com
     SUSMAN GODFREY L.L.P.
9    1201 Third Avenue, Suite 3800
     Seattle, Washington 98101-3000
10   Telephone: (206) 516-3880
     Facsimile:  (206) 516-3883
11
12
     Stephen E. Morrissey
13   CA Bar 187865
     smorrissey@susmangodfrey.com
14   SUSMAN GODFREY L.L.P.
     1901 Avenue of the Stars, Suite 950
15   Los Angeles, CA 90067-6029
     Telephone: (310) 789-3103
16   Facsimile:  (310) 789-3150
17
18
19   **ATTORNEYS FOR PLAINTIFF IMPLICIT L.L.C.**
20
21
22
23
24
25
26
27
28

-7-

Original Complaint for Patent Infringement                                    Case No.