UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IMPLICIT L.L.C.,

    Plaintiff,

    v.

F5 NETWORKS, INC.,

    Defendant.

Case No. 14-cv-02856-SI

**ORDER REGARDING TOPICS FOR TUTORIAL**

Re: Dkt. No. 46

    Plaintiff Implicit L.L.C. ("Implicit") and defendant F5 Networks, Inc. ("F5") are scheduled for a tutorial and *Markman* hearing on **March 18, 2015 at 2:00 PM** regarding the construction of one disputed claim term in the asserted patent owned by Implicit: U.S. Patent No. 8,694,683 ("the '683 patent"). The parties agreed that the scope of the initial claim construction briefing and *Markman* hearing would be limited to "sequence"/"list of" routines. The Court has determined that a brief tutorial will be helpful, thus each party will be permitted **no more than thirty minutes** to present a short summary and explanation of the technology at issue before the *Markman* hearing commences. The Court has allotted two hours for the tutorial and *Markman* hearing.

    The Court encourages counsel to meet and confer and, if possible, to present a joint tutorial. If the parties cannot agree on a joint presentation, then the patent holder will make the first presentation. Visual aids are encouraged. The technical tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. No argument will be permitted. The tutorial will not be recorded and the parties may not rely on statements made at the tutorial in other aspects of the litigation.

The Court requests that the parties focus the tutorial presentation on the following topics:

1. The prior art systems (Mosberger)

    - The '683 specification refers to prior art systems that "typically use predefined configuration information to load the correct combination of conversion routines for processing data."

    - The parties should explain the difference between "predefined configuration information" as referenced in the prior art and the "sequence"/"list of" routines as disclosed in the '683 patent. The parties should also present the meanings and technical relationships between the terms "information," "paths," and "routines," as disclosed in the '683 specification and prior art.

    - The parties should discuss how the prior art systems create a "path" or "routine," and at what time these features are created relative to the system receiving a first message packet.

2. The '683 invention as disclosed in the '683 and '211 specifications

    - The '683 specification incorporates by reference the '211 patent (U.S. Patent No. 7,730,211). The '211 patent discloses an embodiment that "primes the cache" by storing "addresses" for "sequences of routines."

    - The parties should present the meanings and technical relationships between the terms "primed cache," "addresses," "information," "paths," and "routines," as described in the '683 and '211 specifications and prior art systems. Specifically, the parties should discuss when each of these technical features is created in the system relative to the system receiving a first message packet.

    - The parties should explain the "Label Map Get" feature as disclosed in the '683 patent and the "Media Map Get" feature as disclosed in the '211 patent, and the relationship between these two features and the "information," "path," "address," and "routines" features as disclosed in the '683 patent. Specifically, the parties should discuss when the "Label Map Get" and "Media Map Get" features are created in the system relative to receiving the first message packet.

The parties may discuss topics beyond those identified in this order if it will help explain the technology at issue in preparation for the *Markman* hearing.

**IT IS SO ORDERED.**

Dated: March 16, 2015

SUSAN ILLSTON
United States District Judge